## BOY KILLED BY THE STARTING OF A TRUCK IN SOME UNKNOWN MANNER.

Court of Appeals for Hamilton County.

The John C. Roth Packing Company v. Floyd C. Williams, Administrator of the Estate of Roy Eyer, Deceased.

Decided, July 24, 1914.

*Negligence—Heavy Electric Truck, Started by Unknown Agency, Runs Over Boy Passing Along Sidewalk.*

The decedent, a boy twelve years of age, while walking along the sidewalk in the evening, was killed by being run over by a heavy electric truck which had been left for the night with the brake on and the controller removed, standing in an open space covered with a cement floor slanting toward the sidewalk and abutting thereon. In the absence of any evidence as to the agency which started the truck, the court holds that the boy met his death by reason of the negligence of the defendant owner of the truck in not leaving it in a safe and proper place where it could not injure persons lawfully passing along the sidewalk.

*Aaron A. Ferris* and *Thomas H. Morrow,* for plaintiff in error.
*Littleford, James, Ballard & Frost,* contra.

Swing, P. J.; Jones, O. B., J., Jones, E. H., J., concur.

This is an action in this court on error to a judgment of the court of common pleas, in which said court Floyd C. Williams, administrator, recovered a judgment in the sum of $5,000 for the wrongful death of Roy Eyer.

Numerous errors are alleged in the petition in error but only one was urged upon the argument of the case and in the brief submitted. This alleged error is that the judgment is not sustained by the evidence.

In the petition, after setting out the appointment of the plaintiff as administrator of the estate of the deceased and the allegation of the corporate capacity of the defendant, the plaintiff alleged that the building of the defendant is so constructed that instead of a continuous front wall along the entire length, there

is an open space about fifty feet in length and extending to the height of the first floor; that the second and upper floors immediately above said space are supported on three pillers which are located on a line with the front wall at a distance of about twenty-three feet apart, and that this open space extends back from the sidewalk and front wall of the house a distance of about twenty-eight feet; that the floor of said open space is covered with concrete which slopes towards the street; and that on the 14th day of June, 1911, said open space was temporarily used for the storage of automibile trucks belonging to the defendant company; that on or about the 14th day of June, 1911, said Roy Eyer, deceased, was lawfully on the sidewalk on the north side of Gest street, walking east; that when said decedent arrived at the point in the sidewalk immediately in front of the open space above referred to, an automobile belonging to the defendant company, without any signal or warning, and without any person guiding or controlling it, rushed out of said open space in which it had been temporarily stored, down upon plaintiff's decedent, and before he could get out of the way, knocked him down and crushed him under its wheels, causing a fracture of the skull and internal injuries from which he subsequently died. Plaintiff further says that said death of the decedent was directly due to the position and condition in which said defendant company negligently left said automobile truck, and that decedent at the time was in the exercise of all due and proper care on his part.

Said defendant filed an answer admitting the appointment of plaintiff as administrator of said estate, and that the defendant is a corporation under the laws of Ohio; that it is the owner of the plant on the north side of Gest street and the open space in said premises as set out in the petition. Defendant further says that said open space was temporarily used for storing automobile trucks belonging to defendant company.

For a second defense, the defendant alleged that at the time of the accident and prior thereto and at the present time, it is in the business of buying, curing and selling at wholesale and retail, meats to be used for food for residents and citizens

of Cincinnati and throughout a large portion of the United States; that in the conduct of its business it is the owner of and uses large and extensive buildings and storage warehouses situated on Oehler and Gest streets in said city, and in such business it owns and uses large trucks and vehicles operated by electricity as a motive power, and that each of said trucks weighs about 11,000 pounds; that the garage or storehouse where said trucks are usually stored and kept when not in use, is located on Oehler street; that on or about the 13th day of June, 1911, said Oehler street was being repaired by the city of Cincinnati, and by reason thereof defendant could not place or store its said trucks in said garage on Oehler street and was compelled to store its said trucks, for temporary purposes only. and in the night time, in said covered and open space belonging to the defendant, on Gest street, the space described in the first defense herein, and that it was necessary in the usual course of its business to charge with electricity the said trucks for a motive power for use in propelling said trucks on the day following, and so to charge them after the day's work was done, in the night time from the supply of electricity within the building on Gest street. And on the 13th day of June, 1911, about the hour of 8:30 o'clock in the evening of said day, one of the above trucks described, with other vehicles, had been placed in said open space, when the same truck, alleged in the petition to have run upon and caused the death of plaintiff's intestate, and had been charged with electricity, and the brake used on said truck had been set, and the controller on said truck used for turning on and into said truck the current of electricity for its propulsion had been disconnected so that said truck could not move or be put in motion without unlocking the brake thereon, and without connecting said controller with the electric current by some human agency; and said defendant, through its employees and agents, had used all means necessary and ordinarily used under like circumstances to place and keep said truck in a safe and secure position to the end that it could not be used or moved except by the agents or employees of the defendant in the line of defendant's business as aforesaid; that on the night

of said 13th day of June, 1911, the night on which plaintiff's intestate met his death, a group of boys, ranging in age from about twelve to sixteen years, whose names except that of Roy Eyer are unknown to the defendant, the number of boys in said group being also unknown to the defendant, among them being plaintiff's intestate, Roy Eyer, who was a boy about twelve and a half years of age, none of whom were in the employ of the defendant or under the authority or agency of the defendant, at the hour named, while it was dark, against the repeated warnings of defendant or without notice to the defendant or its employees, one of said group of boys, or someone unknown to the defendant, got upon said truck, and in playing thereon, carelessly or wilfully, and without fault, knowledge or acquiescence of defendant or any of defendant's employees caused said controller to be connected with the electric current theretofore charged and stored in said truck as aforesaid, and thereby caused said truck to get in motion; and that while said plaintiff's intestate, Roy Eyer, was on the premises of defendant as a trespasser, and against the warning given theretofore by defendant and its employees, and without any fault on the part of the defendant, the truck so put in motion as aforesaid, and while said plaintiff's intestate was a trespasser on said premises, and solely through the carelessness and negligence of plaintiff's intestate, or through the fault or carelessness of his said companions or through the fault or carelessness of some one unknown to defendant, none of whom were in the employ or acting under the authority of defendant, ran upon and caused the death of plaintiff's intestate.

Full time was given to counsel in the argument of the case orally, and able and elaborate briefs have been furnished us, and we have gone over the evidence very carefully, with the result that we are of the opinion that the judgment is sustained by the evidence. From the evidence the jury had a right to find, as they must have done, that Roy Eyer while walking along the sidewalk next to defendant's premises was suddenly struck by an automobile truck which darted out of the defendant's premises, and was killed by said truck. The jury were

warranted by the evidence in finding that said Roy Eyer was in no way responsible for the truck leaving its position on the premises of the plaintiff in error and rushing upon him while he was walking along said sidewalk. The evidence does not clearly show the cause which produced the movement of the truck, but the fact remains that the truck was placed by the defendant in a place unguarded and open, and on a floor of cement slanting towards the sidewalk, in a position where it could be easily got at by persons passing along the street who would be inclined from any motive to interfere with it. While there is no direct evidence which shows that defendant's employees put said truck in motion, which resulted in the death of said Eyer, still it is equally clear that the defendant did not safely guard and place said truck in a safe and proper place, which seems to us, under the circumstances of this case, to show that the plaintiff's decedent met his death by reason of the negligence of the defendant in its not placing its truck in a safe and proper place so that it might not injure persons lawfully passing along said sidewalk.