Gorman, J.
The defendant in error at the April term, 1913, of the common pleas court recovered a judgment against the plaintiff in error, John M. Bolán, for $755.49. Execution was issued and returned nulla bona. The judgment remained unpaid and unsatisfied. Thereafter, in the October *167 term, 1914, defendant in error instituted proceedings in aid of execution against the plaintiff in error, making The German National Bank, The Gordon Engineering Company and Mary B. Bolán, wife of the plaintiff in error, parties as garnishees, and the court enjoined the parties from disposing of any property in their hands belonging to plaintiff in error.
A referee was appointed to take the testimony and report to the court, all of which was done, and the report filed. Among other things the report of the referee found that there was a credit due to John M. Bolán from The German National Bank of Cincinnati, of .$283.05; and from The Gordon Engineéring Company, $250.80. The referee further found that John M. Bolán had been carrying on a contracting business all his life, and during the last four years had been apparently carrying on his business in his wife’s name. The referee further found that the defendant John M. Bolán, and Mary B. Bolán his wife, sought to make it appear that there was either no money due from The Gordon Engineering Company or that such-as was due was due on account of work done by the wife under her individual contract; and he found that both these contentions were utterly false.
After the report of the referee was filed there was a. further hearing of evidence in the common pleas court, and it then developed that .Thurber & Browning, partners, had entered into a contract with the state of Ohio to build a road known as the New Richmond Turnpike for the sum of $12,000; that Thurber & Browning had assigned their con *168 tract to Mary B. Bolán for the consideration of $800 and that she had given her note to them for $800, payable when the work should be completed; that $1,183.40 had been paid by the state on account of this contract; and that Thurber & Browning had .paid this money to Mary B. Bolán. The assignment of the contract was not made a matter of record by the state, and the money was therefore paid to the original contractors, Thurber & Browning, and by them turned over to Mary B. Bolán. Under the contract the state was to reserve 15 per cent, of the estimates until the work was finally completed, and on account of the work finished there was retained by the state the sum of $208.85, which sum was not due at the time of the hearing, and would never be due unless the work was completed — or until the work should be finally completed and accepted by the state.
The common pleas court held that this $208.85 not yet due was the money of John M. Bolán, and the court further found that there was a credit due Bolán in The German National Bank, $283.05, and from The Gordon Engineering Company, $250.80. Bolán made demand during the progress of the trial to have the money on deposit in The German National Bank and the money due from The Gordon Engineering Company set off to him as exempt from levy and execution — he being a married man, the head of a family, and not the owner of a homestead. The court of common pleas held that the $208.85, the retained percentage of the state, belonged to Bolán, and that he had concealed this asset and by that act had elected to select that $208.85 as a part of his exemption in lieu of his *169 homestead. The court allowed Bolán his exemption of $500 under the statute, but made the allowance as follows:
Retained percentages................ $208.85
Due from Gordon Engineering Co.... 250.80
Making .......................... $459.65
In addition thereto the court allowed from the amount of money on deposit in The German National Bank the sum of $40.35, to make up amount of the exemption in lieu of a homestead, $500.
We are of the opinion that the $208.85 was not the money of John M. Bolán, but that under the contract between his wife Mary B. Bolán and Thurber & Browning these retained percentages under the contract with the state of Ohio belonged to Mary B. Bolán, if they ever became due, which they were not at the time of the hearing. Mary B. Bolán may never realize anything out of these retained percentages; she can secure the retained percentages only if she completes the work on the New Richmond Turnpike, and there remains more than $10,000 worth of work yet to be done on that job. Complications may arise which would prevent her from recovering these retained percentages even if the work were finished. We are of the opinion that even if this contract were John M. Bolán’s the retained percentages, not being yet due, would not be available for him as- part of his exemption in lieu of a homestead.
There is no question but that Bolán is entitled to his $500 exemption in lieu of a homestead, and that *170 amount should have been set off to him, as he selected, out of the funds in The German National Bank and the money due from The Gordon Engineering Company. As to the retained percentages, if when they become due it should be found that the money belongs to John M. Bolán, the defendant in error is not precluded by the judgment and finding in this case from subjecting that fund to the payment of its claim.
For the present it is sufficient to say that there should be allowed to Bolán, out of the moneys due from The Gordon Engineering Company and The German National Bank, $500. There will remain $33.85, which can be applied by the defendant in error upon its indebtedness.
The case cited by counsel for both plaintiff in error and defendant in error, Haslage v. Hoover et al., 16 C. C., 570, we think holds that where the debtor entitled to exemption in lieu of a homestead conceals money and property which he has a right to have at the time of the examination, and has other property in the custody of the court, that his concealment of property not in the custody of the court should be deemed to be an election on- his part to take that property as a part of his claim in lieu of a homestead; but we do not think that case has any application to the facts developed in the case at bar.
There being no dispute as to the facts in this case we are of the opinion that a judgment should be entered in this court such as should have been entered in the court below, allowing Bolán $50Q exemption, in lieu of his homestead, out of the moneys in The German National Bank and due *171 from The Gordon Engineering Company, the excess over and above $500 to be allowed to the creditor, the defendant in error.
As to the retained percentages, under the contract for the construction of the New Richmond Turnpike, the court is of the opinion that the judgment of the court below should be reversed.

Judgment accordingly.

Jones, E. H., and Jones, Oliver B., JJ., concur.