OPINION
{¶ 1} This is an appeal from an order of the Common Pleas court of Tuscarawas County which adopted the magistrate's opinion recommending the granting of appellee's motion to modify the residential parent and legal custodian status of appellant as initially ordered in the parties' divorce action of March 2, 2001.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and appellee were married on December 28, 1991 with four children being born of such union, Jacquelyn, (D.O.B. 3/23/92), Melissa, (D.O.B.11/1/93), Kimberly, (D.O.B. 7/28/98) and Kyle, (D.O.B. 4/28/00)
 {¶ 3} Appellee is a state highway patrol officer and, in the divorce decree was granted visitation compatible with his rotating work schedule.
 {¶ 4} Differences appear to have arisen after appellee's remarriage and the motion of appellee was filed September 14, 2001.
 {¶ 5} The Assignments of Error are as follows:
 ASSIGNMENTS OF ERROR I. {¶ 6} "The trial court committed an abuse of discretion in adopting the magistrate's decision which made a finding of a change in circumstances in violation of R.C. 3109.04(e) and against manifest weight of the evidence."
 II. {¶ 7} "The trial court committed an abuse of discretion by failing to independently review the propriety of the magistrate's decision finding a change in circumstances."
 {¶ 8} While appellant stated three different Assignments of Error in her reply brief, these cannot be considered. App. Rule 5.13. SeeAustin v. Squire (1997), 118 Ohio App.3d 35, Thompson v. Ghee (2000),139 Ohio App.3d 195.
 I., II. {¶ 9} Each of the Assignments of Error allege an abuse of discretion, however, as to the second Assignment of Error, we find that there is a lack of substance asserting that the trial court failed to independently review the record as the trial court specifically states otherwise. (Pg. 3 of Opinion). Therefore, the second Assignment of Error is denied.
 {¶ 10} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 11} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380.
 {¶ 12} The requirements of a change in custody are set forth in R.C. § 3109.04(E)as follows:
 {¶ 13} "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 14} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 15} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 16} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 {¶ 17} "(b) One or both of the parents under a prior decree allocating parental rights and responsibilities for the care of children that is not a shared parenting decree may file a motion requesting that the prior decree be modified to give both parents shared rights and responsibilities for the care of the children. The motion shall include both a request for modification of the prior decree and a request for a shared parenting order that complies with division (G) of this section. Upon the filing of the motion, if the court determines that a modification of the prior decree is authorized under division (E)(1)(a) of this section, the court may modify the prior decree to grant a shared parenting order, provided that the court shall not modify the prior decree to grant a shared parenting order unless the court complies with divisions (A) and (D)(1) of this section and, in accordance with those divisions, approves the submitted shared parenting plan and determines that shared parenting would be in the best interest of the children.
 {¶ 18} "(2) In addition to a modification authorized under division (E)(1) of this section:
 {¶ 19} "(a) Both parents under a shared parenting decree jointly may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree. Modifications under this division may be made at any time. The modifications to the plan shall be filed jointly by both parents with the court, and the court shall include them in the plan, unless they are not in the best interest of the children. If the modifications are not in the best interests of the children, the court, in its discretion, may reject the modifications or make modifications to the proposed modifications or the plan that are in the best interest of the children. Modifications jointly submitted by both parents under a shared parenting decree shall be effective, either as originally filed or as modified by the court, upon their inclusion by the court in the plan. Modifications to the plan made by the court shall be effective upon their inclusion by the court in the plan.
 {¶ 20} "(b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.
 {¶ 21} "(c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children. If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the final shared parenting decree if it determines that shared parenting is not in the best interest of the children.
 {¶ 22} "(d) Upon the termination of a prior final shared parenting decree under division
 {¶ 23} "(E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made."
 {¶ 24} The factors relative to a consideration of the best interest of the children are stated in R.C. § 3109.04(F):
 {¶ 25} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 26} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 27} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 28} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 29} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 30} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 31} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 32} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 33} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 34} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 35} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 {¶ 36} "(2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors:
 {¶ 37} "(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 {¶ 38} "(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 {¶ 39} "(c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;
 {¶ 40} "(d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;
 {¶ 41} "(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.
 {¶ 42} "(3) When allocating parental rights and responsibilities for the care of children, the court shall not give preference to a parent because of that parent's financial status or condition."
 {¶ 43} The record in this case adequately supports the magistrate's findings and recommendations and the trial court's acceptance thereof, although modified in certain aspects. The tape of the in camera interviews which have been provided also support such findings.
 {¶ 44} Evidence provided on which the findings and conclusions were made indicates:
 {¶ 45} "(1) The mother has moved with the four children to a two bedroom home.
 {¶ 46} "(2) At times, she and Mr. Hill, his and her children constitute ten persons in such residence.
 {¶ 47} "(3) Appellant has severely interfered with appellee's visitation with the children.
 {¶ 48} "(4) Appellant prevents communication between appellee and the children.
 {¶ 49} "(5) Appellant has continually conducted herself and her comments so as to surround the children with an atmosphere of animosity toward appellee and his wife.
 {¶ 50} "(6) The older children wish to be with their father.
 {¶ 51} "(7) The children have adjusted well to appellee's wife and their home."
 {¶ 52} Under R.C. § 3109.04(F) the best interest of the children to be with appellee has been carefully considered by addressing each factor of such statute as to applicability to the facts produced in the testimony. Therefore, we must then determine under R.C. §3109.04(E) whether a sufficient change of circumstances has occurred to warrant residential parenting status modification.
 {¶ 53} The trial court's determination was to the effect that the remarriage triggered parental alienation and therefore constituted such required sufficient change in circumstances. While an argument may be made that the expert was insufficiently qualified to testify as to conclusions in this terminology (T. at p. 89-97), it is abundantly clear that the facts, as accepted, support this determination, regardless of the terminology or semantics selected.
 {¶ 54} The Supreme Court in Davis v. Flickinger (1997),77 Ohio St.3d 415 stated:
 {¶ 55} "Statute governing modification of decrees allocating parental rights and responsibilities, while requiring that change in circumstances justifying change of custody be change of substance and not slight or inconsequential, does not require "substantial" change in circumstances; word "substantial" does not appear in statute, and intent of statute is to spare children from constant tug of war between their parents and provide stability to custodial status of children. R.C. §§3109.04.
 {¶ 56} "In determining whether change of circumstances has occurred so as to warrant change in custody initially established by decree allocating parental rights and responsibilities, trial judge, as trier of fact, must have wide latitude in considering all issues and evidence before him or her which support such change. R.C. §§ 3109.04.
 {¶ 57} "Determination of trial judge as to whether "change of circumstances" warranting change in custody has occurred should not be disturbed on appeal absent abuse of discretion. R.C. § 3109.04.
 {¶ 58} "Award of custody supported by substantial amount of credible and competent evidence will not be reversed on appeal as being against weight of evidence; finding of error in law is legitimate ground for reversal, but difference of opinion on credibility of witnesses and evidence is not."
 {¶ 59} Of course, merely the fact that a better environment such as appropriate bedrooms in the case sub judice, would not necessarily qualify for the granting of appellee's motion but would be among the factors to be considered, as the trial court clearly did, as to the "best interests" determination. Wyss v. Wyss (1982), 3 Ohio App. 349, 412.
 {¶ 60} Ultimately, the standards imposed upon the trial court are stated in Rohrbaugh v. Rohrbaugh (2000), 163 Ohio App.3d 599:
 {¶ 61} "Three elements must exist in order for trial court to modify prior decree allocating parental rights and responsibilities: (1) there must be an initial threshold showing of a change in circumstances; (2) if circumstances have changed, the modification of custody must be in the children's best interests; and, (3) any harm to the children from a modification of the plan must be outweighed by the advantages of such modification. R.C. § 3109.04(E)(1)(a)."
 {¶ 62} In determining whether a trial court has abused its discretion in a child custody matter, the Court of Appeals cannot simply substitute its judgment for that of the trial court; rather, an abuse of discretion connotes that the trial court's decision was arbitrary, unreasonable, or unconscionable.
 {¶ 63} In this case, sufficient evidence was presented that appellant had created a climate of hostility which was, if believed by the trial court, being superimposed over the best interests and welfare of the children, thereby constituting a sufficient change of circumstances under the statutory mandates.
 {¶ 64} We therefore find that the first Assignment of Error is also not well taken.
 {¶ 65} This cause is affirmed.
By: Boggins, J., Farmer, P.J. and Edwards, J. concur.
Topic: Custody.