when such court was expressly prevented from so doing.

We have examined all of the grounds of error suggested by counsel for plaintiff in error, but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

ALLREAD and FERNEDING, JJ., concur.

---

## IN RE ESTABLISHMENT OF THE BOUNDARY LINE BETWEEN WILLS TOWNSHIP AND CENTER TOWNSHIP.

*Disputed boundary line between townships — Appeal to the court of common pleas — From finding or award of county commissioners.*

Where application is made to county commissioners to establish a disputed boundary line between two townships, and a finding is made by the commissioners, as provided in Section 3248, General Code, establishing such line, the right of appeal lies from their finding to the court of common pleas of such county, under favor of Section 2461, General Code.

(Decided November 20 1919.)

ERROR: Court of Appeals for Guernsey county.

*Mr. Fred L. Rosemond,* for plaintiff in error.
*Mr. Robert T. Scott,* for defendant in error.

FARR, J.  This is a proceeding in error prosecuted here to reverse the judgment of the court of common pleas of Guernsey county.

The action in the court below was an appeal from the finding or award of the county commissioners, to whom application was made to establish the boundary line between Wills and Center townships. A hearing was had as provided by statute, and a finding made by the county commissioners, from which an appeal was sought to be perfected to the court of common pleas of Guernsey county, where a motion was made to dismiss for want of jurisdiction, and was sustained by the court of common pleas. The cause is here upon the question of the right of appeal from the finding of the county commissioners.

Among the related sections of the General Code is Section 3248, which provides:

"When a boundary line between townships is in dispute, the commissioners of the county in which the townships are situated, upon application of the trustees of one of such townships, and upon notice in writing to the trustees of such civil township or townships, and on thirty days' public notice printed in a newspaper published within the county, shall establish such boundary line, and make a record thereof in a book kept for that purpose."

The foregoing relates to the duties of county commissioners in case application is made to establish a disputed boundary line between townships; however, it is not the duties of the commissioners in this regard which is of primary importance here, but the right of appeal from their finding; and if such right obtains in favor of either party it is under favor of Section 2461, General Code, which provides as follows:

"A person aggrieved by the decision of the county commissioners in any case, may appeal within fifteen days thereafter, to the next court of common pleas, notifying the commissioners of such appeal at least ten days before the time of trial. The notice shall be in writing, and delivered personally to the commissioners, or left with the auditor of the county. At its next session, the court shall hear and determine the appeal, which decision shall be final."

This section has been the subject of considerable discussion and, beginning with the early judicial history of the state, there are numerous adjudications under it, a number of which it is not necessary to discuss in determining the issue here. A case well upon the point and fairly decisive of the issue in the instant case is *Commissioners of Belmont County* v. *Ziegelhofer,* 38 Ohio St., 523, which arose over a contract awarded by the county commissioners for tearing down and rebuilding a protecting wall on a county road. After the completion of the wall, and the refusal of payment of the balance claimed to be due the contractor, suit was brought before a justice of the peace to recover the same; from a judgment against them the commissioners appealed to the court of common pleas, where a motion to dismiss was made for want of jurisdiction for the reason that plaintiff's exclusive remedy was an appeal from the action of the commissioners in refusing to allow and order the claim paid. Section 18 of an act establishing boards of county commissioners and prescribing their duties (1 S. & C., 247), which was then in force, is almost identical with present Section

2461, General Code, and the court in above case held:

"Where a claim against a county, which must be allowed by the commissioners before it can be paid, is founded exclusively on a statute, the remedy by appeal provided by section 18 of 'an act establishing boards of county commissioners and prescribing their powers and duties' (1 S. & C., 247) is *exclusive;* but where such claim is founded upon a contract, which the commissioners are authorized to make, and they refuse to perform such contract, or disallow the claim, the remedy by appeal and the summary proceedings provided for by said section is *cumulative* merely, and the claimant is entitled to have his action thereon against the county by due course of law, in any court of competent jurisdiction."

The foregoing, therefore, fixes the right of appeal in such cases.

Johnson, J., in passing upon the *Ziegelhofer case,* reviews practically every important related case, beginning with *Commissioners* v. *Robb,* Wright, 48, similar to the *Ziegelhofer case* as to facts, where it was not held that an appeal was an exclusive remedy. The same case is found in 5 Ohio, 491. *Paine* v. *Commissioners,* Wright, 471, is discussed and a like conclusion reached. He likewise reviews *Shepard* v. *Commissioners of Darke County,* 8 Ohio St., 354, where it was sought to enforce a claim by a county recorder against the commissioners for making a new general index to the records of the county, and for which it was provided that recorders should receive such compensation as the commissioners shall

deem reasonable and just, in which case Swan, J., in the opinion, at page 357, observes as follows: "Whenever the board of commissioners are authorized to allow or reject claims against the county, the party aggrieved may appeal." But what the case actually held was that "Where a claim against a county is of such a nature that, but for the statute, no right of action at common law would exist on the claim against the county, the remedy prescribed by the statute must be pursued, and no cumulative remedy exists."

The principle established in the *Shepard case* was reaffirmed in *State, ex rel. Gerke,* v. *Commissioners of Hamilton County,* 26 Ohio St., 364, which applied to a claim for attorney's services in prosecuting suits for the county treasurer for the collection of taxes, and in his summary Johnson, J., in *Commissioners* v. *Ziegelhofer,* at page 528, declares the rule of construction in such cases to be as follows:

"These cases rest upon the well-settled rule of construction, that where, by statute, a liability is created, and a specific remedy is given, it is exclusive, but when a specific remedy is given for an existing right of action for which there is a remedy by due course of law, the new remedy is merely cumulative, unless it clearly appears to be the intention of the legislature, that it be to the exclusion of the existing remedy. *Commissioners* v. *Bank,* 32 Ohio St., 194, 201; *Darling* v. *Peck,* 15 Ohio, 65; *State* v. *Orr,* 16 Ohio St., 523; Sedgwick on Stat. Law, 341-345; Hardcastle on Rules of Construction, 163-169."

The foregoing fairly determines the issue here. In the cases considered it will be observed that where it was a question of liability on contract the right of appeal was held to be cumulative in character.

In the instant case, the duties of the board of commissioners are defined by statute. Impliedly they might, and in the instant case they did, summon and hear numerous witnesses. They determined the question at issue as a tribunal; although it is urged that they performed merely administrative duties, that they did not render a judgment and had no authority or jurisdiction to do so, and that if they had their act would have been *coram non judice*. However, they made a finding upon the issue, and it would be drawing a very fine distinction under the provisions of above Section 2461, General Code, to hold that there was no right of appeal and that the finding of the board is final and conclusive, especially in so important a matter as establishing a boundary line between townships, wherein, if an error be made, it must remain so for all time. Such was not the legislative intent.

It is urged, however, that there are numerous adjudications under above Section 2461 holding that there was no right of appeal. An examination of these cases discloses that they are practically all different as to facts, and in *In re Claim of Kendig* v. *Commissioners of Greene County*, 82 Ohio St., 315, at page 322, Price, J., declares the rule to be that "No appeal is given from the decision of the trustees or commissioners to a court in which the owner may have his compensation

assessed by a jury." And this in connection with his discussion of Section 896, Revised Statutes, now Section 2461, General Code. The case of *Hendershot* v. *State,* 44 Ohio St., 208, is also discussed, which is somewhat helpful.

It was also properly observed in the *Ziegelhofer case,* at page 529:

"When such a contract is made within the scope of the authority conferred, the obligations arising therefrom, are to be determined by common law principles, in the absence of statutory provisions to the contrary. The right is not founded on a statute, but on a contract made by a *quasi* corporation."

But such is not the case here, nor is there a jury issue. The jurisdiction of the commissioners as provided in this statute was invoked by the township trustees of the township applying for the establishment of the boundary line, and, the board having made its finding, the statute prescribing the right of appeal, as well as the right of action in the board of county commissioners, appeal lies from the award of the commissioners to the court of common pleas.

Therefore the judgment of the court below is reversed.

*Judgment reversed.*

METCALFE and POLLOCK, JJ., concur.